## CITY NAT. BANK & TRUST CO. OF KANSAS CITY v. NATIONAL LIFE INS. CO.
### No. 5979.

United States District Court
W. D. Missouri, W. D.
May 7, 1953.

Charles F. Lamkin, Jr., of Warrick, Brewer & Lamkin, Kansas City, Mo., for plaintiff.

Robert L. Hecker and William H. Curtis, of Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, Mo., for defendant.

REEVES, District Judge.

After a prolonged trial the verdict of the jury in the above case was for the defendant. Able counsel for the plaintiff has presented a strong motion for a new trial supported by a well prepared brief. With equal vigor and ability, counsel for the defendant have submitted a forceful brief in opposition to said motion.

The only issue in the case is whether the assured, William O. Norman, was sane or insane at the time he took his own life. There is no question as to the insurance and the liability of the insurer if he were insane at the time.

It is the contention of the plaintiff that the verdict was against the weight of the evidence and that the court erred in the admission of evidence. The only evidence against which complaint is made are the records of the coroner's inquest in the State of Georgia, where the insured killed himself. These records contain no recital of the sanity or insanity of the assured. They merely bear testimony to the fact (which was a fact) that in the washroom of a men's toilet room of a hotel he had fatally shot himself.

1. The facts offered in evidence were so clear that there was not an issue before the jury as to whether the assured had shot himself. The only question properly submitted to the jury was whether he was sane or insane. If insane, or if dominated by an uncontrollable insane impulse, the jury was instructed that a verdict for the plaintiff should be returned by it.

2. Many witnesses were called by the plaintiff. Without exception they declined to say that the assured was insane during the period not long before his suicide. The only evidence of insanity was that given by a medical expert in answer to a hypothetical question. Concerning such testimony

the Court of Appeals, this Circuit, in New York Life Insurance Co. v. King, 93 F.2d 347, 353, said: "The testimony of Dr. Romeiser, under the circumstances, is not substantial evidence. United States v. Hill, 8 Cir., 62 F.2d 1022, 1025, 1026; Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441, 445."

3. The evidence in the King case, supra, was as strong as the evidence in this case to the effect that the assured was insane at the time he took his own life. The Court of Appeals, however, ruled that there was not a submissible case. In this case, it is not a question whether the case should have been submitted to a jury. It was so submitted upon plaintiff's evidence and the verdict of the jury was for the defendant.

4. It is the rule that a motion for new trial is addressed to the sound discretion of the trial courts. United States v. Regents of New Mexico School of Mines, 10 Cir., 185 F.2d 289, loc. cit. 392. This rule is of ancient origin and has been universally followed by the courts. However, the trial court "may not exercise its discretion arbitrarily or injudiciously, and may not be permitted to set aside the verdict of a jury *unless some legal ground is shown which may properly be the basis for such action.*" (Emphasis mine.) Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W. 2d 333, loc. cit. 339, 8 A.L.R.2d 710. And. the Supreme Court of the United States in Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, loc. cit., 35, 64 S.Ct. 409, at page 412, 88 L.Ed. 520, said that: "Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

In the light of these authorities, and in the absence of any showing of error, the case having been fairly submitted on a single simple issue, the court is without authority to disturb the verdict, and accordingly, the motion for a new trial should be and will be overruled.